UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **14-2937-Goodman**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) |
| **DAVIE JULIAN RODRIGUEZ,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| _____ / | |

## DETENTION ORDER

On August 6, 2014, this Court held a hearing pursuant to Title 18 U.S.C. § 3142(f) to determine whether Davie Julian Rodriguez, hereinafter the "Defendant," should be detained prior to trial.

Having considered the evidence presented at the pre-trial detention hearing, the pre-trial services report, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions reasonably will assure (1) the appearance of the Defendant as required if the Defendant is released on bond and (2) the safety of any other person and the community. Therefore, this Court orders the detention of the Defendant prior to trial and until the conclusion of the trial.

The government's burden of proof with respect to risk of flight or non-appearance is preponderance of the evidence. *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988). The government's burden of proof with respect to proving that the Defendant poses a danger to any other person and the community is clear and convincing evidence. 18 U.S.C. § 3142(f)(2); *King*, 849 F.2d at 489 n. 3.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged by complaint with violating Title 18, United States Code, Sections 922(g)(1) and 924.

2. The government proffered evidence that, on August 1, 2014, detectives with the Miami-Dade Police Department witnessed the Defendant run a red light and then drive recklessly for approximately five blocks in Miami-Dade County.

3. The Detective attempted to conduct a traffic stop of the Defendant's vehicle, but on two occasions, the Defendant stopped his car, saw the detective approaching the Defendant's vehicle, and nevertheless continued to drive away from the detective into and through a shopping center.  At one point, the Defendant exited the shopping center and re-entered through another entry point, but eventually he stopped his car when he could not drive any further.

4. The Defendant was taken into custody, and no other people were in the car.

5. In an inventory search of the vehicle prior to it being towed, the detective saw a loaded Glock 9 mm semi-automatic pistol in plain view on the rear passenger seat floorboard, within reaching distance of the driver.  The inventory search also revealed various documents in the car with the Defendant's name on them, such as court subpoenas and an identification badge.

6. Later that evening, law enforcement officers interviewed the Defendant's fiancé about the firearm.  She stated that the gun belongs to her, but that the last time she saw it was the day before the Defendant's arrest, on July 31, 2014, and it was in the trunk in its case— not in the passenger compartment of the car or on the floor behind the passenger seat.

    She also stated that (1) she never moved the gun since the last time she saw it in the trunk on July 31, 2014; (2) the only two people who drive the vehicle are she and the Defendant; and (3) the Defendant had taken the car by himself earlier that day.

    Based on the above findings of fact, and after considering the factors set forth in 18 U.S.C. § 3142(g), this Court concludes that no condition or combination of conditions will reasonably assure (1) the appearance of the Defendant as required if the Defendant is released on bond and (2) the safety of any other person and the community.  Specifically, the Court concludes that the United States has proven by a preponderance of the evidence that the Defendant poses a risk of flight and proven by clear and convincing evidence that the Defendant poses a danger to the community.

    In support of this conclusion, the Court notes the following reasons for the detention.

1. First, the Defendant has an extensive criminal history, and one that involves violence and firearms.  Notably, he was convicted in 2011 of attempted second degree murder during which he discharged a firearm, and he has two prior convictions for burglaries of unoccupied dwellings.  He was just recently released from prison for that attempted second degree murder conviction, and he was on probation for those convictions at the time of his arrest.
2. Second, the Defendant is a documented member of a violent gang, which is particularly concerning to this Court.
3. Third, and especially relevant to the risk of flight analysis, the Defendant is facing a mandatory minimum sentence of fifteen years' imprisonment under the Armed Career Criminal Act based on his criminal history and an even higher estimated guideline sentencing range of 188 to 235 months' imprisonment.

3

4. Fourth, and also relevant to the risk of flight determination, the Government proffered evidence that the Defendant attempted to elude police on the date of his arrest by stopping his car, seeing law enforcement approaching, and then nevertheless continuing to drive away from police. This conduct indicates a disregard for the law.

5. Fifth, the Defendant has a reported history of mental health problems and substance abuse, and he also has traveled to Cuba.

Based on the foregoing, the Court hereby directs that:

a. The Defendant be detained without bond;

b. The Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

c. The Defendant be afforded reasonable opportunity for private consultation with his counsel;

d. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined, deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

DONE AND ORDERED in Miami, Florida this 6th day of August, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

cc:   Pretrial Services
      U.S. Marshals Service
      Joel DeFabio
      Aileen M. Cannon, AUSA