## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-CR-20577-KMM

**UNITED STATES OF AMERICA,**

     **v.**

**DAVIE RODRIGUEZ,**

       **Defendant.**

_____/

### UNITED STATES' RESPONSE IN OPPOSITION TO THE DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT

The United States, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to the Defendant's objections to the Presentence Investigation Report (PSR) (DE: 85). Defendant's primary objection to the PSR is that he does not qualify as an armed career criminal under 18 U.S.C. § 924(e), otherwise known as the Armed Career Criminal Act (ACCA). This argument is meritless. The Defendant clearly qualifies as an armed career criminal under ACCA. He has three qualifying predicate convictions, as reflected in the attached certified court records. *See* Exhibits 1, 2, 3.[1]

As a preliminary matter, the three predicate convictions at issue, all contained in Exhibits 1, 2, and 3 to this response, are as follows:

- **Florida Adult Felony Case F11-13709**: On August 9, 2012, the Defendant was adjudged guilty of (1) three counts of attempted second-degree murder with a deadly weapon; (2) one count of unlawful possession of a firearm while engaged in a

---

[1] Copies of these certified convictions were provided to the Defendant in discovery on September 8, 2014—over three months before the start of trial. *See* Bates RODRIGUEZ-00233-00258, RODRIGUEZ-00259-00284, and RODRIGUEZ-00285-00299. Probation also has copies of these certified convictions.

criminal offense; and (3) one count of possessing a firearm as a conviction felon or delinquent/gang related. The offense date for these crimes is May 8, 2011. *See* Exhibit 1.

- **Florida Adult Felony Case F11-14966**: On August 9, 2012, the Defendant was adjudged guilty of (1) burglary of an unoccupied dwelling and (2) grand theft in the 3rd degree. As reflected in the charging information to which the Defendant pled guilty, the offense date for these crimes is April 7, 2011, and the dwelling that he burglarized is located at 15007 S.W. 199 Terrace, Miami-Dade County. The offense date for these crimes is April 7, 2011. *See* Exhibit 2.

- **Florida Adult Felony Case F11-20849**: On August 9, 2012, the Defendant was adjudged guilty of burglary of an unoccupied dwelling. As reflected in the charging information to which the Defendant pled guilty, the offense date for these crimes is April 7, 2011, and the dwelling that he burglarized is located at 14992 S.W. 30th Terrace, Miami-Dade County. *See* Exhibit 3.

I. **The Defendant's 3 prior convictions, although committed when he was less than 18, count as predicate convictions under 18 U.S.C. § 924(e).**

The Defendant argues, without citing any legal authority, that his 3 qualifying prior convictions "may not be used as predicate convictions for the purpose of 18 U.S.C. § 924(e), as all were committed while the Defendant was a juvenile." (DE:85 ¶ 6). This argument is foreclosed by a long series of binding Eleventh Circuit cases. *See United States v. Spears*, 443 F.3d 1358, 1360-61 (11th Cir. 2006) (holding that a prior conviction for an offense committed when the defendant was a juvenile counts towards ACCA enhancement so long as he is convicted and sentenced as an adult); *United States v. Wilks*, 464 F.3d 1240, 1243 (11th Cir. 2006) (repeating the Court's earlier holding that use of juvenile convictions is acceptable under

ACCA and further concluding that such enhancement does not violate the Eighth Amendment); *United States v. Cure*, 996 F.2d 1136, 1139-40 (11th Cir. 1993) (concluding that prior conviction for crime committed when defendant was under seventeen counted as a predicate ACCA offense, because the defendant was adjudicated as an adult and sentenced for a term exceeding one year); *United States v. Burge*, 407 F.3d 1183, 1187 (11th Cir. 2005) (holding that juvenile adjudications can be prior convictions under 18 U.S.C. § 924(e)).[2]   This result is no different even if the charges originate in juvenile court before being direct-filed as an adult case.  *See United States v. Johnson*, F. App'x 852 (11th Cir. 2014) (finding that offenses committed while the defendant was a juvenile counted as "violent felonies" under ACCA even though the charges originally were filed in juvenile court before being filed in adult court (citing *United States v. Spears*, 443 F.3d 1358, 1360-61 (11th Cir. 2006) and *United States v. Burge*, 407 F.3d 1183, 1187 (11th Cir. 2005)).

---

[2] *See also United States v. Newell*, F. App'x 861, 864 (11th Cir. 2014) (unpublished) (per curiam); *United States v. Cray*, 488 F. App'x 452, 453-54 (11th Cir. 2012) (declining to reconsider the binding case law in the Eleventh Circuit that holds that juvenile convictions count for ACCA purposes when the defendant is convicted and sentenced as an adult); *United States v. Louissaint*, 407 F. App'x 378, 380 (11th Cir. 2011) (unpublished) (per curiam) (concluding that three armed robberies committed when the defendant was 16 years old qualified under ACCA, where the defendant pled guilty, received a withhold of adjudication, and the court imposed probation, and also noting that a conviction of a person over 14 must be treated as an adult conviction under Florida law); *United States v. Parrish*, 312 F. App'x 297, 300 (11th Cir. 2009) (unpublished) (per curiam) (holding that the defendant's prior convictions for burglary under Florida law counted under ACCA even if he was a juvenile when he committed the offenses, since he was convicted as an adult, and his sentences for each conviction exceeded one year); *United States v. Williams*, 271 F. App'x 968, 971 (11th Cir. 2008) (unpublished) (per curiam) (noting that the Eleventh Circuit already has rejected the argument that juvenile convictions should not be counted as qualifying offenses under the ACCA (citing *Burge*, 407 F.3d at 1187, 1191)); *United States v. Fastnacht*, 261 F. App'x 197, 198 (11th Cir. 2008) (unpublished) (per curiam) ("Fastnacht's claim that the convictions should not be considered, because he was a youth when they were committed is unavailing because Fastnacht was tried and sentenced as an adult for the crimes."); *United States v. Owens*, 15 F.3d 995, 998 (11th Cir. 1994) (noting that the plain language of 18 U.S.C. § 924(2)(c) specifies that the term "conviction"  includes a finding that a person has committed an act of juvenile delinquency involving a violent felony).

In this case, the Defendant was convicted and sentenced as an adult in all three qualifying felonies, and thus this Court should follow binding Eleventh Circuit case law and reject his argument.

## II. The Defendant's prior burglary convictions clearly satisfy the "different occasions" requirement under 18 U.S.C. § 924(e).

The Defendant also argues that his two prior burglary convictions (F11-14966 and F11-20849) do not qualify as predicate offenses under ACCA, because they occurred on the same day and "closed on the same sentence" (DE:85 ¶¶ 7-8). The Defendant is wrong, and the charging information documents conclusively establish as much.

To satisfy the "different occasions" inquiry under ACCA, the Government must show by a preponderance of the evidence that the qualifying convictions arose out of a "separate and distinct criminal episode." *United States v. Weeks*, 711 F.3d 1255, 1271 (11th Cir. 2013) (internal quotation marks omitted). "Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small, and two offenses are considered distinct if some temporal break occurs between them," *id.* at 1261 (internal quotation marks and brackets omitted)—even if that break is quite small.[3]

In the particular case of burglaries committed on the same day, but at different locations, the Eleventh Circuit has had no trouble finding that they constitute separate offenses under ACCA. In *United States v. Proch*, 637 F.3d 1262, 1265-66 (11th Cir. 2011), for example, the Court held that two burglaries committed on the same day at different addresses on the same

---

[3] In assessing whether offenses took place on occasions different from one another under ACCA, courts may rely on *Shepard*-approved documents, including "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *United States v. Sneed*, 600 F.3d 1326, 1332-33 (11th Cir. 2010). Courts also may rely on facts set forth in the PSR if they are undisputed. *See, e.g.*, *United States v. Rozier*, 701 F.3d 681, 686 (11th Cir. 2012).

street constituted separate and distinct criminal episodes.  Similarly, in *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998), the court held that burglaries of two offices separated by 200 yards, and committed in immediate succession, qualified as separate offenses.  And in *United States v. Spears*, 443 F.3d 1358, 1360 (11th Cir. 2006), the court found that two robberies committed within two minutes and thirty feet of each other were distinct under the ACCA.

The same result is mandated here.  In the first of the two burglaries, the Defendant burglarized a dwelling on April 7, 2011, and that dwelling was located at **15007 SW199 Terrace**, in Miami-Dade County (F11-14966)—as indicated in the charging information.  *See* Exhibit 2.  In the second of the two burglaries, the Defendant burglarized a dwelling on April 7, 2011, and that dwelling was located at **14992 S.W. 30th Terrace**, in Miami-Dade County (F11-20849)—as indicated in the charging information.  *See* Exhibit 3.  There is no dispute, therefore, based on the clear text of the charging instruments, that the Defendant burglarized two different dwellings located in two totally separate locations.  This is ample evidence of a break in time, and under the clear holdings of the Eleventh Circuit, there is no question that the two burglaries occurred on different occasions for purposes of ACCA.  *See Proch*, 637 F.3d at 1265-66; *Pope*, 132 F.3d at 692; *Spears*, 443 F.3d at 1360.

With respect to the Defendant's related argument that the two burglary convictions cannot be considered separate under ACCA, because they were "closed on the same to the same sentence," DE:83 ¶ 7, that argument too has been rejected squarely by the Eleventh Circuit.  The Eleventh Circuit has been clear that whether convictions are resolved judicially on the same day has no bearing on the different-occasions inquiry under ACCA.  *See United States v. Owens*, 15 F.3d 995, 998 (11th Cir. 1994) (concluding that three convictions supported ACCA enhancement regardless of whether they were "resolved in one proceeding"); *United States v. Jackson*, 57 F.3d

1012, 1017-18 (11th Cir. 1995) (rejecting the notion that five robbery convictions counted as a single conviction, because they were consolidated for sentencing, reasoning that the date of conviction is not relevant under the plain language of 18 U.S.C. 924(e)).

Finally, as relates to the Defendant's claim that the burglaries are not separate under ACCA, because they weren't separated by an intervening arrest, there is no legal authority for this claim, and indeed the Defendant does not provide any.  The Defendant's only basis for this assertion is that under Section § 4A1.2(a)(2) of the Sentencing Guidelines, which relates to counting prior sentences to compute a criminal history category, prior sentences generally are not counted separately if they are imposed on the same day without an intervening arrest.  USSG § 4A1.2(a)(2).  Critically, however, this guideline provision has nothing to do with the *statutory* different-occasions inquiry under ACCA, and as noted above, the Eleventh Circuit repeatedly has found separate offenses where, as here, burglaries occur on the same day but in separate locations.  *See Proch*, 637 F.3d at 1265-66; *Pope*, 132 F.3d at 692; *Spears*, 443 F.3d at 1360.

In sum, the Defendant's two prior burglary convictions occurred on occasions different as required under ACCA, and all of the Defendant's arguments to the contrary are meritless.  *See* 18 U.S.C. § 924(e).

### III.    The PSR correctly calculates a total of 7 criminal history points and a criminal history category of IV.

The Defendant claims that Probation committed a typographical error when it calculated a criminal history category of IV rather than a category III (DE:85 ¶ 11), but there is no error. As Probation correctly notes, the Defendant has a subtotal of 5 criminal history points based on his prior convictions, *but he is subjected to a 2-point increase because he committed the instance offense while on probation*—resulting in a total of 7 criminal history points and a category IV

(PSR ¶¶ 24-27).  Accordingly, there is no error in the PSR with respect to his criminal history category.  He is a Category IV, not a Category III.

## CONCLUSION

For the reasons set forth above, the Defendant's objections to the PSR should be denied. The Defendant qualifies as an armed career criminal under ACCA, and his criminal history category was calculated properly in the PSR as a Category IV.

Respectfully Submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   /s/ Aileen M. Cannon
     Assistant United States Attorney
     Florida Bar No. 0101484
     99 N.E. 4th Street, Suite 602
     Miami, Florida 33132
     (305) 961-9002 (Telephone)
     (305) 530-7976 (Fax)
     Aileen.Cannon@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

filed with the Court's CM/ECF system on March 13, 2015.


<u>/s/Aileen M. Cannon</u>
AILEEN M. CANNON
ASSISTANT U.S. ATTORNEY